**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT M. BARON,**

**Plaintiff,**

**vs.**                                              **Case No. 4:23cv280-AW-MAF**

**RICKY DIXON,**

**Defendant.**

**_____/**

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed a second amended complaint [hereinafter "complaint"], ECF No. 16.  The complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff alleged that he was arrested on November 17, 1990, and was sentenced in 1992 to a 42-year term of incarceration.  *Id.* at 7.  After serving 23½ years in the Florida Department of Corrections, Plaintiff alleges he received sufficient gain time to reach the end of his sentence on July 28, 2013.  *Id.*  Plaintiff contends he "completed his sentence in full," did not receive "provisional credits," and was not required to serve

probation after his release.  ECF No. 16 at 7.   Plaintiff is adamant that he

was not subject to "conditional release" or "control release."  *Id.* at 7, 8.

After his release from the Department of Corrections, Plaintiff was

arrested in Arizona by United States Marshals on February 24, 2015, on a

charge of bank robbery.  *Id.* at 9-10.  Plaintiff was convicted and sentenced

to 125 months imprisonment.  *Id.* at 5, 10.  The Department then placed a

"detainer" against Plaintiff in 2015, although Plaintiff did not learn of the

detainer until October of 2017.  *Id.* at 5, 10.  He was taken back into state

custody on February 18, 2023, when he was released from federal

custody.  *Id.* at 8.  Plaintiff is currently incarcerated at Century Correctional

Institution (a facility within the Florida Department of Corrections), and

claims that his gain time was not subject to forfeiture, that he was illegally

placed on supervision, and he should now "be a free man."  *Id.* at 2, 11.

Plaintiff contends his rights under the Sixth, Eighth, and Fourteenth

Amendments have been violated, that he has been "subjected to

involuntary servitude," and has been "deprived of his liberty without just

cause."  *Id.* at 12.  Plaintiff seeks monetary damages of $150,000.00 and

asserts that he "should be a free man, not illegally detained."  *Id.*

The only named Defendant in this case is Ricky Dixon, the Secretary of the Florida Department of Corrections.  Plaintiff sues that Defendant in his official capacity only.  However, Plaintiff has not alleged that Defendant Dixon created a policy, rule, or procedure which caused or resulted in the violation of Plaintiff's constitutional rights.

Nevertheless, an official capacity claim is generally just "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).  Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court").  That "bar remains in effect when State officials are sued for damages in their official capacity."  Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  Thus, a suit under § 1983 against a state official sued in his official

capacity - in other words, Plaintiff's suit against Defendant Ricky Dixon - is barred unless it meets one of three exceptions.

The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity.").  However, Congress did not abrogate the State's immunity in enacting § 1983, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), and the State of Florida has not waived its Eleventh Amendment immunity or consented to be sued in federal court under § 1983.  Gamble, 779 F.2d at 1520.

The third exception is through <u>Ex Parte Young</u>, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  *See* <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999) (citing <u>Summit Med. Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  Here, Plaintiff is seeking monetary damages for relief for past constitutional violations.  Plaintiff does not specifically seek prospective injunctive relief.  The Eleventh Amendment bars Plaintiff's claims.

Finally, Plaintiff's claims are barred for another reason.  The law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  "In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d

383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)).  Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving."  Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (Ginsburg, J., concurring) (quoted in Pataki, 320 F.3d at 1295)).  A prisoner may not challenge the legality of his confinement in a § 1983 civil rights action; such claims are "barred under the Heck doctrine."  Price v. McNeil, 340 F. App'x 581, 583 (11th Cir. 2009) (relying on Harden and Heck to dismiss complaint which challenged the legality of prisoner's confinement).

Here, Plaintiff is currently incarcerated and challenges the legality of that incarceration.  Plaintiff contends he should be a "free man" and should not be in the custody of the Department of Corrections.  Unless and until

Plaintiff successfully challenges his incarceration through the filing of a habeas petition, he cannot seek monetary damages for being wrongfully incarcerated.  Accordingly, Plaintiff's complaint should also be dismissed because it is barred by Heck.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 16, be **DISMISSED** as barred by Eleventh Amendment immunity and the Heck doctrine, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii) because it fails to state a claim and seeks monetary relief from a defendant who is immune from such relief.

**IN CHAMBERS** at Tallahassee, Florida, on October 25, 2023.


     S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written**

Case No. 4:23cv280-AW-MAF

objections to these proposed findings and recommendations.  **Fed. R. Civ. P. 72(b)(2).**  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  **Fed. R. Civ. P. 72(b)(2).**  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.